**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**THE CONSUMER PROTECTION FIRM**
William Peerce Howard (FL Bar No. 0103330)
(*Pro Hac Vice application forthcoming*)
Billy@TheConsumerProtectionFirm.com
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, Florida 33602
Telephone: (813) 500-1500
Facsimile:  (813) 435-2369

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADRIANNE BELARDES and MARY SZANYI-COFFEY, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**LOANDEPOT.COM, LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

//

//

//

//

**INTRODUCTION**

1.     Plaintiffs ADRIANNE BELARDES and MARY SZANYI-COFFEY ("Plaintiffs"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant LOANDEPOT.COM, LLC ("Defendant"), in negligently and/or willfully contacting Plaintiffs on their telephone, in violation of the Telephone Consumer Protection Act, (TCPA) 47 U.S.C. §§ 227, *et seq*., and related regulations, including the National Do Not Call provision of 47 C.F.R. § 64.1200(c), and the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059, thereby invading Plaintiffs' and similarly situated individuals' privacy.

2.     In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3.     The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'"   *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4.     Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5.     The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

CLASS ACTION COMPLAINT

6.     Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

7.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.     Unless otherwise stated, Plaintiffs allege that any violations by Defendant was knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.     Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c); and supplemental jurisdiction over all other claims that are related to claims in the action pursuant to 28 U.S.C. § 1367.

11.     Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiffs seek up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call-in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of CAFA diversity jurisdiction and CAFA jurisdiction are present.

12.     Because Defendant conducts business within the State of California, personal jurisdiction is established.

13.     Venue is proper in the United States District Court for the Southern

District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

(a)    Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b)    Defendant is located in this district;

(b)    Defendant does substantial business within this district;

(c)    Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,

(d)    the harm to Plaintiffs originated from within this judicial district.

## PARTIES

14.    Plaintiff Adrianne Belardes is, and at all times mentioned herein was, a citizen and resident of the State of California.  Plaintiff Belardes is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

15.    Plaintiff Mary Szanyi-Coffey is, and at all times mentioned herein was, a citizen and resident of the State of Florida.  Plaintiff Szanyi-Coffey is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

16.    Defendant is, and at all times mentioned herein was, a domestic limited liability company whose principal place of business and/or headquarters is located in Irvine, California.  Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).  At all times relevant herein, Defendant conducted business in the State of California and within this judicial district.

### The Telephone Consumer Protection Act (TCPA)
### 47 U.S.C. §§ 227, et seq.

17.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or artificial or prerecorded

CLASS ACTION COMPLAINT

voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

18.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

19.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20.    In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22.    The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the

purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

23.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

24.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future.  Id.

25.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

26.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

27.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one

- 6 -

Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

28. The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq.*, affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

29. Since 2003, persons who register cell phone numbers on the National Do Not Call Registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the National Do Not Call Registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

30. 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

31. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

### The Florida Telephone Solicitation Act (FTSA)

### Fla. Stat. § 501.059

32. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves . . . the playing of a recorded message when

a connection is completed to a number without the prior express written consent of the called party." Fla. Stat § 501.059(8)(A).

33.    The statute defines "telephonic sales call" as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(I).

34.    A person will be defined as a "called party" if they are a "person who is the regular user of the telephone number that receives a telephonic sales call," under Fla. Stat. § 501.059(1)(A).

35.    An "unsolicited telephonic sales call" is one that is made other than in direct response to the express request of the person who is called. under Fla. Stat. § 501.059(4)(K).

## FACTUAL ALLEGATIONS

36.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    According to its website, Defendant is the nation's fifth largest retail mortgage lender and the second largest nonbank retail originator, funding more than $275 billion since inception, with a nationwide team of 6,000-plus members, and more than 27,000 customers each month.[1]

38.    In Defendant's overzealous attempt to market its services and grow significantly, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls, including calls utilizing an artificial or prerecorded voice, without the prior express written consent of the call recipients.

39.    Through this conduct, Defendant has invaded the personal privacy of

---

[1] https://www.loandepot.com/about

Plaintiffs and other similarly situated consumers.

40.   Plaintiff Adrianne Belardes' cellular telephone number ending in 4642 has been registered with the National Do Not Call Registry since October 7, 2005.

41.   Plaintiff Mary Szanyi-Coffey's cellular telephone number ending in 9902 has been registered with the National Do Not Call Registry since July 25, 2008.

42.   Plaintiffs' cellular telephone numbers are used for personal and residential purposes.

43.   Plaintiffs did not provide Defendant with their cellular telephone number at any point in time, nor did they give permission for Defendant to call them.

44.   Plaintiffs did not give Defendant prior express invitation or express written consent for Defendant to make calls to Plaintiffs' cellular telephone numbers utilizing an artificial or prerecorded voice pursuant to 47 U.S.C. § 227 (b)(1)(A).

45.   Plaintiffs did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

46.   Plaintiffs did not have a personal relationship with Defendant at any point in time.

47.   Plaintiffs did not give Defendant prior express invitation or express written consent for Defendant to call Plaintiffs' cellular telephone numbers for marketing or solicitation purposes.

48.   Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

49.   Despite being on the National Do Not Call Registry, Defendant made several unsolicited telemarketing calls to Plaintiffs on their cellular telephones, including calls from Defendant's telephone numbers 833-557-1381 and 877-408-5379.

50.   Defendant made numerous unsolicited telemarketing calls to Plaintiff Belardes to their cellular telephone from 877-408-5379.

51.   For example, on or about July 1, 2023, Defendant made at least four (4)

CLASS ACTION COMPLAINT

unsolicited telemarketing calls to Plaintiff Belardes' cellular telephone from 877-408-5379.

52. In addition, on or about July 5, 2023, Defendant made at least three (3) unsolicited telemarketing calls to Plaintiff Belardes' cellular telephone from 877-408-5379.

53. Also, on or about August 22, 2023, at approximately 1:10 p.m. PT, Defendant made an unsolicited telemarketing call to Plaintiff Belardes to their cellular telephone from 877-408-5379 utilizing an artificial and/or prerecorded voice; and left Plaintiff Belardes a voicemail which included a prerecorded voice message.

54. It was evident to Plaintiff Belardes that the voice message she heard was prerecorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence, and inflection of the voice message, which sounded to the Plaintiff Belardes' ears like a prerecorded message, rather than a personal voice message that was placed personally for her by a live person.

55. Based on the Plaintiff Belardes' own personal experience, the above-described call and/or voice message received from Defendant clearly sounded like a prerecorded voice message.

56. Plaintiff Belardes requested that Defendant stop making calls to her cellular telephone.

57. Despite Plaintiff Belardes' requests to Defendant to cease such calls, Defendant persisted to bombard Plaintiff Belardes with unsolicited telemarketing calls, often numerous times a day.

58. Defendant made numerous unsolicited telemarketing calls to Plaintiff Szanyi-Coffey to their cellular telephone from 833-557-1381.

59. For example, on or about April 7, 2023, at approximately 1:35 p.m. ET, Defendant made an unsolicited telemarketing call to Plaintiff Szanyi-Coffey to their cellular telephone from 833-557-1381.

CLASS ACTION COMPLAINT

60. Plaintiff Szanyi-Coffey requested that Defendant stop making calls to her cellular telephone.

61. Despite Plaintiff Szanyi-Coffey's request for Defendant to cease such calls, Defendant persisted to make unsolicited telemarketing calls to Plaintiff.

62. Specifically, minutes later, on or about April 7, 2023, at approximately 1:37 p.m. ET, Defendant made another unsolicited telemarketing call and/or telephonic sales call to Plaintiff Szanyi-Coffey to her cellular telephone from 833-557-1381 utilizing an artificial and/or prerecorded voice; and left Plaintiff Szanyi-Coffey a voicemail which included a prerecorded voice message.

63. It was evident to Plaintiff Szanyi-Coffey that the voice message she heard was prerecorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence, and inflection of the voice message, which sounded to the Plaintiff Szanyi-Coffey's ears like a prerecorded message, rather than a personal voice message that was placed personally for her by a live person.

64. Based on the Plaintiff Szanyi-Coffey's own personal experience, the above-described call and/or voice message received from Defendant clearly sounded like a prerecorded voice message.

65. The above-described calls by Defendant to Plaintiffs constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's lending programs or services.

66. Plaintiffs each received more than two telephone solicitations from Defendant within a 12-month period after their cellular telephone numbers were registered on the National Do Not Call Registry for at least 31 days.

67. Defendant's unsolicited telephone calls to Plaintiffs constituted telemarketing and had a commercial purpose.

68. Upon information and belief, Defendant did not make such telephone solicitations in error.

69. Upon information and belief, at all relevant times, Defendant failed to

establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

70. Upon information and belief, Defendant made the same or substantially similar above-described telephone solicitations *en masse* to thousands of consumers nationwide.

71. Because Plaintiffs were alerted when a call was made to Plaintiffs' cellular telephone, the unsolicited telephone solicitations that Defendant transmitted to Plaintiffs' cellular devices invaded Plaintiffs' privacy, caused aggravation, annoyance, intrusion upon on seclusion, and were a distraction and nuisance to Plaintiffs.

72. Plaintiffs were personally affected and damaged by Defendant's aforementioned conduct because Plaintiffs each suffered an invasion of a legally protected interest in privacy, which is specifically protected by the TCPA. Plaintiffs felt harassed, were frustrated, and distressed that Defendant annoyed Plaintiffs with unwanted telephonic solicitations without Plaintiffs' prior express written consent, and while Plaintiffs' telephone numbers were registered on the National Do Not Call Registry.

73. Defendant's telephonic communications forced Plaintiffs and Class members to be deprived of the privacy and utility of their cellular telephones by forcing Plaintiffs and Class members to ignore or reject calls, silence their cellular telephones, and/or block incoming numbers, took up memory on Plaintiffs' cellular phones, and/or interrupted their desired use of their cellular telephones, as a result of Defendant's repeated calls in violation of the TCPA.

74. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant send such text messages to consumers without their consent, Defendant fails to respect the limitations imposed

CLASS ACTION COMPLAINT

by the TCPA. In doing so, Defendant invaded Plaintiffs' and similarly situated individuals' privacy and violates the spirit and intent behind the TCPA.

75.    Through the above conduct, Defendant violated 47 U.S.C. §§ 227, *et seq*. and the National Do Not Call provision of 47 C.F.R. § 64.1200(c). and the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059, thereby invading Plaintiffs' and similarly situated individuals' privacy and violating their legally protected rights.

## STANDING

76.    Plaintiffs have standing under Article III of the Constitution of the United States of America because Plaintiffs' claims state: (a) valid injuries in fact; (b) which are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *Injury In Fact*

77.    Plaintiffs' injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo. Spokeo*, 136 S.Ct. at 1547.

78.    For an injury to be "concrete" it must be "*de facto*", meaning that it actually exists. *Eichenberger v. ESPN, Inc*, 876 F.3d 979, 982 (9th Cir. 2017). Here, Plaintiffs have each suffered a concrete injury as Defendant made numerous unauthorized solicitation calls to Plaintiffs' cellular telephone numbers while Plaintiffs' numbers were registered on the National Do Not Call Registry for more than 31 days, after Plaintiffs requested that Defendant stop making such calls to them, and/or using an artificial and/or prerecorded voice, without Plaintiff's prior express consent. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiffs. All these injuries are *de facto* and concrete.

79.    For an injury to be "particularized" means that the injury must "affect the [p]laintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.  In

this case, Defendant invaded Plaintiffs' privacy by making numerous unauthorized calls utilizing an artificial and/or prerecorded voice to Plaintiffs' cellular telephone without Plaintiffs' prior express consent. Furthermore, Plaintiffs were disturbed, distracted, felt harassed and aggravated, by having to take time, reject or silence calls and dismiss alerts for unwanted calls from Defendant. All of these injuries are particularized and specific to Plaintiffs.

### *Traceable to Defendant's Conduct*

80. The second prong required to establish standing at the pleadings phase is that Plaintiffs must allege facts to show that its injuries are traceable to the conduct of Defendant.

81. The above calls are directly and explicitly linked to Defendant. The calls each indicated they were from Defendant and had common phrases, repeated the same words and telephone numbers which are found on Defendant's website. The above-described calls from Defendant are the source of Plaintiffs' injuries caused by Defendant. Therefore, Plaintiffs have illustrated facts above that show that Plaintiffs' injuries are traceable to the conduct of Defendant.

### *Redressability*

82. The third prong to establish standing at the pleadings phase requires Plaintiffs to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

83. In the present case, Plaintiffs' Prayer for Relief below includes a request for damages for each call made by Defendant, as authorized by statute for Defendants' violations of 47 U.S.C. §§ 227, et seq., the National Do Not Call provision of 47 C.F.R. § 64.1200(c), and the Florida Telephone Solicitation Act (FTSA), Fla. Stat. § 501.059. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiffs.

84. Because on the foregoing, Plaintiffs have Article III standing to sue Defendant on the claims stated herein.

- 14 -

## **CLASS ACTION ALLEGATIONS**

85.     Plaintiffs bring this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of themselves individually and on behalf of the Classes defined as follows:

### **National Do Not Call Registry Class**

All persons within the United States, registered on the National Do Not Call Registry for at least 31 days, to whom Defendant and/or a third party acting on Defendant's behalf, made two more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number within any twelve-month period, within the four (4) years prior to the filing of this Complaint.

### **Internal Do Not Call List Class:**

All persons within the United States who whom Defendant and/or a third party acting on Defendant's behalf made a telephone solicitation call to after a request from such person for Defendant to not make calls to their cellular telephone number within the four (4) years prior to the filing of this Complaint.

### **Prerecorded Voice Class**

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded voice call, without such person's prior express consent to receiving such calls within the four years prior to the filing of this Complaint.

### **FTSA Class**

All persons within the State of Florida who received any solicitation/telemarketing phone calls with a recorded message when a connection was completed from Defendant to said person's cellular telephone and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

86.     Defendant and its employees or agents are excluded from the Classes.

87.     Plaintiffs do not know the number of members in each of the Classes, but upon information and belief, the Classes' members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

88.     Plaintiffs and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the members of the Classes via their telephones, for solicitation purposes, and/or utilizing an artificial or prerecorded voice, without prior express consent, thereby invading the privacy of said Plaintiffs and the Class members whose cellular telephone numbers were on the National Do Not Call Registry.  Plaintiffs and the Class members were damaged thereby.

89.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

90.     Plaintiffs reserve the right to expand the definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

91.     The joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.  The Classes can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

92.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Classes predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made more than one telephone solicitations to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

b. Whether, within the four made prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation calls

CLASS ACTION COMPLAINT

to the members of the Class who requested that Defendant stop making such calls to their telephone numbers;

c.   Whether Defendant obtained prior express written consent to make telephone solicitation calls to Plaintiffs or the Class members' telephones;

d.   Whether Defendant obtained prior express written consent to make telephone solicitations to Plaintiffs or the Class members' telephones utilizing an artificial or prerecorded voice;

e.   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

f.   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

93.   As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, who did not provide Defendant prior express invitation or permission to receive telephone solicitations,  and who did not provide Defendant prior express consent to receive telephone calls utilizing an artificial or prerecorded voice, Plaintiffs are each asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no known interests antagonistic to any member of the Class.

94.   Plaintiffs and the members of the Classes have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to be damaged and face irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class

CLASS ACTION COMPLAINT

members could afford to seek legal redress for the wrongs complained of herein.

95.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

96.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

97.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227, *ET SEQ.*

**(*On Behalf of Plaintiffs and the National Do Not Call Registry Class*)**

98.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

99.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

100.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing

CLASS ACTION COMPLAINT

1  calls to wireless telephone numbers."[2]

2      101.   47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall

3  initiate  any  call  for  telemarketing  purposes  to  a  residential  telephone  subscriber

4  unless such person or entity has instituted procedures for maintaining a list of persons

5  who request not to receive telemarketing calls made by or on behalf of that person or

6  entity."

7      102.   Any "person who has received more than one telephone call within any

8  12-month period by or on behalf of the same entity in violation of the regulations

9  prescribed under this subsection may" may bring a private action based on a violation

10  of said regulations, which were promulgated to protect telephone subscribers' privacy

11  rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. §

12  227(c).

13      103.   The foregoing acts and omissions of Defendant constitute numerous and

14  multiple negligent violations of the TCPA, including but not limited to each and

15  every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including

16  implementing regulation 47 C.F.R. § 64.1200(c).

17      104.   Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be

18  initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the

19  National  Do  Not  Call  Registry  Class  members  who  registered  their  respective

20  telephone numbers on the National Do Not Call Registry, a listing of persons who do

21  not  to  receive  telephone  solicitations  that  is  maintained  by  the  federal

22  government.

23      105.  Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiffs and

24  members of the National Do Not Call Registry Class received more than one

25  telephone call in a 12-month period made by or on behalf of Defendant in violation of

26  _____

27  [2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of*

28  *1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003)
   Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03- 153A1.pdf

KAZEROUNI
LAW GROUP, APC

47 C.F.R. § 64.1200, as described above.

106.   As a result of Defendant's conduct as alleged herein, Plaintiffs and the National Do Not Call Registry, are entitled, *inter alia*, to receive up to $500 in statutory damages under section 47 U.S.C. § 227(c)(5) for each and every such violation of 47 C.F.R. § 64.1200.

107.   To the extent Defendant's misconduct is determined to be knowing and/or willful, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the National Do Not Call Registry Class, and award Plaintiffs and other similarly situated Class members of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

108.   Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**
**VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ.***

**(*On Behalf of Plaintiffs and the Internal Do Not Call List Class*)**

109.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

110.   The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

111.   Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for  telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or

1    entity. The procedures instituted must meet certain minimum standards, including:

2          (3) Recording, disclosure of do-not-call requests. If a person or
           entity making a call for telemarketing purposes (or on whose
3          behalf such a call is made) receives a request from a residential
           telephone subscriber not to receive calls from that person or
4          entity, the person or entity must record the request and place the
           subscriber's name, if provided, and telephone number on the
5          do- not call list at the time the request is made. Persons or
           entities making calls for telemarketing purposes (or on whose
6          behalf such calls are made) must honor a residential
           subscriber's do-not-call request within a reasonable time from
7          the date such request is made. This period may not exceed
           thirty days from the date of such request . . . .
8          (6) Maintenance of do-not-call lists. A person or entity making
           calls for telemarketing purposes must maintain a record of a
9          consumer's request not to receive further telemarketing calls. A
           do-not-call request must be honored for 5 years from the time
10         the request is made.

11   47 C.F.R. § 64.1200(d)(3), (6)

12         112.   Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. §

13   64.1200(d) are applicable to any person or entity making telephone solicitations or

14   telemarketing calls to wires telephone numbers.

15         "(e) The rules set forth in paragraph (c) and (d) of this section
           are applicable to any person or entity making telephone
16         solicitations or telemarketing calls to wireless telephone
           numbers to the extent described in the Commission's Report
17         and Order, CG Docket No. 02-278, FCC 03-153, "Rules and
           Regulations Implementing the Telephone Consumer Protection
18         Act of 1991."

19   47 C.F.R. § 64.1200(e)

20         113.   Plaintiffs and Class members made requests to Defendant not to receive

21   calls from Defendant.

22         114.   Defendant failed to honor Plaintiffs and the Class members' requests not

23   to receive calls from Defendant.

24         115.   Upon information and belief, Defendant has not instituted procedures for

25   maintaining a list of persons, including but not limited to Plaintiffs, who requested

26   not to receive telemarketing calls made by Defendant or on their behalf, pursuant to

27   47 C.F.R. § 64.1200(d).

28

CLASS ACTION COMPLAINT

116.    Because Plaintiffs and the Class members received more than one text message in a 12- month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

117.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiffs and other similarly situated Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

118.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiffs and other similarly situated Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

119.    Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227, *ET SEQ.***

**(*On Behalf of Plaintiffs and the Prerecorded Voice Class*)**

120.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

121.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

122.    Defendant and/or their agents placed at several unauthorized calls to Plaintiffs' cellular telephones using an artificial and/or prerecorded voice without Plaintiffs' prior express consent.

123.    As a result of Defendant's negligent violations of the TCPA, Plaintiffs are entitled to, and seek, an award of $500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) from Defendant.

124.   As a result of Defendant's violations of the TCPA, Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct by Defendant violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

**COUNT IV**
**VIOLATIONS OF THE FTSA**
**FLA. STAT. § 501.059**

**(*On Behalf of Plaintiff Szanyi-Coffey and the FTSA Class*)**

125.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

126.   Defendant and/or third parties directed by Defendant made non-emergency telephone calls to the cellular telephones of Plaintiff Szanyi-Coffey and the other members of the FTSA Class using a recorded voice in violation of Fla. Stat § 501.059(8)(A).

127.   Under Fla. Stat § 501.059(1)(G), prior consent includes the signature of the called party, the telephone of the called party, as well as clear authorization to the person making or allowing the telephonic sales call to make the call.

128.   Defendant did not have prior express consent to call the cell phones of Plaintiff Szanyi-Coffey and the other members of the FTSA Class when these telephonic sales calls were made. *Id.*

129.   Defendant has, therefore, violated Fla. Stat § 501.059(8)(A) and Fla. Stat § 501.059(1)(G) by using an artificial and/or pre-recorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff Szanyi-Coffey and the other members of the FTSA Class without their prior express written consent.

130.   Defendant knew, or should have known, that it did not have prior express consent to make such calls to Plaintiff Szanyi-Coffey and other similarly situated members of the FTSA Class. Thus, these violations by Defendant were willful or knowing.

131.   As a result of Defendant's conduct and pursuant to Fla. Stat § 501.059(10)(B), Plaintiff Szanyi-Coffey and the other members of the FTSA Class

were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

- An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiffs are each a proper representative of the Class, and appointing Plaintiffs' Counsel as Class Counsel.

- An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA, the National Do Not Call provision of 47 C.F.R. § 64.1200(c), and/or Florida Statute § 501.059.

- An Order enjoining Defendant from using an artificial or prerecorded voice to call message telephone numbers assigned to cellular telephones without the prior express permission of the called party.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiffs seek for themselves and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiffs seek for themselves and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future

pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

- As a result of Defendant's violations of the FTSA, Fla. Stat. § 501.059, Plaintiff Szanyi-Coffey seeks for herself and each FTSA Class member (i) $500.00 in statutory damages, for each and every violation, pursuant to Fla. Stat. § 501.059(10)(b); (ii) injunctive relief prohibiting such conduct in the future; (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper.

- Costs of suit.

- Pre-judgment and post-judgment interest, to the extent permitted by applicable law.

- Reasonable attorneys' fees to Plaintiffs' Counsel pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and the common fund doctrine.

- Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

132. Plaintiffs are entitled to, and demand, a trial by jury on all issues so triable.

Dated: November 9, 2023                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___*/s/ Abbas Kazerounian*___
ABBAS KAZEROUNIAN, ESQ.
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT